LOCKE LORD LLP
Casey B. Howard
Andrew Braunstein
200 Vesey Street, 20th Floor
New York, New York 10281
*Counsel for Plaintiff*
*Wells Fargo Bank, National Association, as Trustee*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, as Trustee,<br><br>Plaintiff,<br><br>v.<br><br>MARGATE FUNDING I, LTD.; MARGATE FUNDING I, CORP.; MACQUARIE INVESTMENT MANAGEMENT ADVISERS (F/K/A DELAWARE INVESTMENT ADVISORS); PACIFIC INVESTMENT MANAGEMENT COMPANY LLC; ANGELO GORDON MANAGEMENT, LLC; BRACEBRIDGE CAPITAL, LLC; SERENGETI ASSET MANAGEMENT, LP; CITIBANK, N.A.; BofA SECURITIES, INC.; CEDE & CO.; AND JOHN DOES 1 THROUGH 100,<br><br>Defendants. | Case No. 21-cv-4939 |

### **FIRST AMENDED COMPLAINT**

Wells Fargo Bank, N.A. ("Wells Fargo"), as Trustee (the "Trustee"), under an Indenture dated as of December 20, 2004 (as amended, modified or supplemented, the "Indenture"), by and among Margate Funding I, Ltd., as Issuer (the "Issuer"), Margate Funding I, Corp., as Co-Issuer (the "Co-Issuer, and together with the Issuer, the "Co-Issuers"), and the Trustee, for its First Amended Complaint hereby alleges and states as follows:

# I.
# NATURE OF ACTION

1.     This is an interpleader action brought for the purpose of adjudicating the respective rights of the interpleader defendants with respect to approximately $20,845,308.35 held by the Trustee in connection with the Indenture (the "Disputed Funds"). The Trustee faces competing demands by certain interpleader defendants with respect to such funds, cannot determine without hazard to itself as to how to proceed, and seeks an order from the Court directing the proper disposition of these assets.[1]

2.     The first competing demand for the Disputed Funds comes from certain holders of A1J and A2 Notes issued by the Co-Issuers; these holders include Angelo Gordon Management, LLC, Bracebridge Capital, LLC, Serengeti Asset Management, LP, Citibank, N.A., and BofA Securities, Inc. (collectively with others, the "Junior Holders"), who have demanded, among other things, that the Disputed Funds be held until the dispute set forth herein is resolved, and that the Junior Holders are entitled to reimbursement from the Disputed Funds for damages suffered.

3.     Counter to the demand of the Junior Holders, the provisions of the Indenture require that the Disputed Funds be paid out on the next Quarterly Distribution Date of June 4, 2021 to Holders, including holders of the A1S Notes (the "Senior Holders"). These Senior Holders include Pacific Investment Management Company LLC. Accordingly, the Senior Holders have a competing demand to the Disputed Funds.

4.     Based on these competing claims, the Trustee will withhold distribution of the Disputed Funds on the June 4, 2021 Quarterly Distribution Date, as defined in the Indenture, and

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Indenture.

2

all subsequent Quarterly Distribution Dates, until an order is issued from this Court directing the Trustee as to how to distribute the Disputed Funds.

5. The Trustee has no claim to the Disputed Funds and takes no position as to any of the claimants' rights to the Disputed Funds. Further, the Trustee has no preexisting liability to any of the interpleader defendants, and the Trustee has no bias, preference or opinion as to which of the above positions, if any, are ultimately deemed proper by this Court.

6. Accordingly, the Trustee now brings this interpleader action to determine the appropriate disposition of the Disputed Funds.

## II.
## PARTIES

7. Wells Fargo is a national banking association with its main office in Sioux Falls, South Dakota.

8. Upon information and belief, Margate Funding I, Ltd. is a company incorporated under the laws of the Cayman Islands with its principal place of business in the Cayman Islands. Upon further information and belief, as the Issuer under the Indenture, Margate Funding I, Ltd. may have an interest in the disposition of the Disputed Funds.

9. Upon information and belief, Margate Funding I, Corp. is a Delaware corporation with its principal place of business in Delaware. Upon further information and belief, as the Co-Issuer under the Indenture, Margate Funding I, Corp. may have an interest in the disposition of the Disputed Funds.

10. Upon information and belief, Macquarie Investment Management Advisers (f/k/a Delaware Investment Advisors) ("Macquarie") is a series of Macquarie Investment Management Business Trust, a statutory business trust organized under the laws of the State of Delaware with

its principal place of business located in Philadelphia, Pennsylvania. Upon further information and belief, as the Collateral Manager related to the Indenture, Macquarie may have an interest in the disposition of the Disputed Funds.

11.     Upon information and belief, Pacific Investment Management Company LLC is a limited liability company organized under the laws of Delaware with its principal place of business in Newport Beach, California. Upon information and belief, Pacific Investment Management Company LLC is also a holder of Notes and may therefore have an interest in the Disputed Funds. Upon further information and belief, no members of Pacific Investment Management Company LLC are citizens of South Dakota.

12.     Upon information and belief, Angelo Gordon Management, LLC is a limited liability company organized under the laws of Delaware with its principal place of business in New York, New York. Upon further information and belief, Angelo Gordon Management, LLC is also a holder of Notes and may therefore have an interest in the Disputed Funds. Upon further information and belief, no members of Angelo Gordon Management, LLC are citizens of South Dakota.

13.      Upon information and belief, Bracebridge Capital, LLC is a limited liability company organized under the laws of Delaware with its principal place of business in Boston, Massachusetts. Upon further information and belief, Bracebridge Capital, LLC is also a holder of Notes and may therefore have an interest in the Disputed Funds. Upon further information and belief, no members of Bracebridge Capital, LLC are citizens of South Dakota.

14.     Upon information and belief, Serengeti Asset Management, LP, is a limited partnership organized under the laws of Delaware with its principal place of business in New York, New York. Upon further information and belief, Serengeti Asset Management, LP is also a holder

of Notes and may therefore have an interest in the Disputed Funds. Upon further information and belief, no partners of Serengeti Asset Management, LP are citizens of South Dakota.

15. Upon information and belief, Citibank, N.A. is a national banking association with its main office in New York, New York. Upon further information and belief, Citibank, N.A. is also a holder of Notes and may therefore have an interest in the Disputed Funds.

16. Upon information and belief, BofA Securities, Inc. is a corporation incorporated under the laws of Delaware with its principal place of business in New York, New York. Upon further information and belief, BofA Securities, Inc. is also a holder of Notes and may therefore have an interest in the Disputed Funds.

17. Upon information and belief, Cede & Co. is the nominee name of the Depository Trust Company, a limited purpose trust company organized under New York banking law with its principal place of business at 55 Water Street, New York, NY 10041. Upon further information and belief, Cede & Co. is the registered holder of certain Notes. As the registered holder of Notes, Cede & Co. is subject to the terms of the Indenture, and may have an interest in the disputed funds.

18. John Does 1 through 100 are sued in this action because, upon information and belief, they are the beneficial owners of Notes.

19. Upon information and belief, Cede & Co., as the registered holder of the Notes, holds the Notes for the benefit of others. John Does 1 through 100 are owners of beneficial interests in certain Notes held by Cede & Co. The Trustee is not aware of all the owners of the beneficial interest in the Notes held by Cede & Co. John Does 1 through 100, as owners of beneficial interests in certain Notes held by Cede & Co., may have an interest in the disputed funds.

## III.
## JURISDICTION AND VENUE

20. Jurisdiction is appropriate under Fed. R. Civ. P. 22 and 28 U.S.C. § 1332. Upon information and belief, there is complete diversity of citizenship between Plaintiff Wells Fargo and the Defendants. Further, the matter in controversy exceeds $75,000, exclusive of interest and costs.

21. Jurisdiction is also appropriate under 28 U.S.C. § 1335 because this is a civil action of interpleader or in the nature of interpleader, two or more adverse interpleader defendants are of diverse citizenship and the amount in controversy exceeds $500. The Trustee will not distribute or otherwise dispose of the Disputed Funds that are the subject of the instant dispute, so as to preserve the assets pending an appropriate order or judgment of the Court.

22. Additionally, this Court has jurisdiction over this action pursuant to 12 U.S.C. § 632, which provides for jurisdiction over suits involving international banking where at least one party to the suit is an entity organized under the laws of the United States and the suit arises out of a transaction involving international or foreign banking or financial operations.

23. The Trustee is a national banking association organized under the laws of the United States.

24. This suit arises out of transactions involving international banking in that it involves the Indenture, which is an agreement among the Trustee and Margate Funding I, Ltd., a foreign corporation organized under the laws of the Cayman Islands, and Margate Funding I, Corp.

25. Venue is proper in this district because the Indenture out of which this action arises contains provisions for submission to venue in this district pursuant to Section 14.10 of the Indenture.

## IV.
## FACTUAL ALLEGATIONS

26. Wells Fargo is the Trustee under the Indenture.

27. Macquarie is the Collateral Manager (the "Collateral Manager") under a Collateral Management Agreement (the "Collateral Management Agreement") related to the Indenture. The Collateral Management Agreement provides, among other things, that the Collateral Manager is charged with determining whether specific Collateral Debt Securities are Defaulted Securities and determining whether such Collateral Debt Securities permitted to be sold pursuant to the Indenture, should be sold. Upon such determination, the Collateral Manager may direct the sale of such Defaulted Securities and further direct the Trustee to release from the lien of the Indenture such Defaulted Securities.

28. Pursuant to the Indenture, including but not limited to its Sections 6.3(a), (i), and (j), the Trustee has no obligation to verify any report, certificate, direction, or information from the Collateral Manager, and the Trustee is not responsible or liable for the actions or omissions of the Collateral Manager.

29. At some time prior to March of 2021, the Collateral Manager classified nine Collateral Debt Securities (the "Subject Collateral Debt Securities") as Defaulted Securities. The Subject Collateral Debt Securities were then sold in March of 2021 at the direction of the Collateral Manager.

30. The sale of the Subject Collateral Debt Securities resulted in the Disputed Sale Proceeds of approximately $20,845,308.36.

31. Pursuant to the Indenture, on the next Quarterly Distribution Date of June 4, 2021, Disputed Sale Proceeds must be distributed in accordance with the waterfall provision contained

in Article 11. The Trustee has determined that the Disputed Sale Proceeds would be distributed in part or entirely to the Senior Holders under these provisions. Accordingly, the Senior Holders have a competing claim to the Disputed Funds.

32. Between May 5, 2021 and May 14, 2021, the Junior Holders contacted the Trustee via letter and telephone alleging that the Collateral Manager wrongfully designated the Subject Collateral Debt Securities as Defaulted Securities and wrongfully directed the Subject Collateral Debt Securities be sold. The Junior Holders further alleged the sale of the Subject Collateral Debt Securities damaged their interests by depleting the Issuer of assets that would have continued to provide interest income to the Junior Holders for years to come. The Junior Holders further demanded that the Trustee not distribute the Disputed Funds until the Junior Holders' claims regarding the sale of the Subject Collateral Debt Securities are resolved. Accordingly, the Junior Holders have asserted a competing claim to the Disputed Funds.

## V.
## INTERPLEADER REQUIREMENTS

33. The preceding paragraphs are incorporated by reference as if fully set forth herein.

34. The respective claims of the Junior Holders and the Senior Holders to the Disputed Funds, as recounted above, are adverse and conflicting and are made without collusion. The Trustee is unable to determine which, if any, of the claims are valid and/or in what amounts.

35. The Trustee cannot make any payments or disbursements of the Disputed Funds without subjecting itself to a claim for liability to either the Junior Holders or the Senior Holders.

36. Because the Trustee lacks knowledge or information sufficient to determine the rights of any party to the Disputed Funds subject to this controversy, the Trustee contests the alleged rights of all parties asserting a claim to such Disputed Funds in its possession.

37. The Trustee is willing to hold back securely the entirety of the Disputed Funds, preserving such funds and reserving all rights and claims thereto, pending a determination by this Court of the controversy and the respective rights to such funds.

38. The Trustee has no interest as a claimant in the Disputed Funds withheld and maintained on the basis of this interpleader except to the extent of reasonable Trustee's fees, attorneys' fees, costs, and disbursements with respect to this action and the maintenance and distribution of the funds as provided for in the Indenture, and/or as otherwise awarded by the Court.

39. Pursuant to the Indenture, the costs of this interpleader action should not be incurred by the Trustee and instead may be assessed against any party to this litigation. Accordingly, the Trustee should be permitted to pay for the costs of this suit out of the Disputed Funds held back securely on a periodic basis, as approved by the Court.

## VI.
## CONCLUSION AND PRAYER

BASED UPON THE FOREGOING, the Trustee respectfully requests that the Court enter an order substantially in the form attached hereto as Exhibit 1: (1) directing the Trustee to securely hold back the Disputed Funds in the Principal Collection Account under the Indenture, unless ordered otherwise by the Court (with any investment and/or interest income being held back securely) until the parties' respective rights to such Disputed Funds are determined by the Court; (2) requiring all parties and all other individuals or entities claiming a right to the Disputed Funds to appear and assert their respective claims to the Disputed Funds, if any, and their respective rights, if any, as a consequence of this action under the Indenture; (3) enjoining all parties and all other interested persons from instituting or pursuing any proceedings in any court, federal or state, against the Trustee for the recovery of the Disputed Funds, on account of any party's purported

claims or rights to such Disputed Funds, and/or on account of any party's purported rights arising as a consequence of this action under the Indenture; (4) directing the Trustee to distribute amounts held back securely as directed by the Court upon final judgment determining the respective interests of the interpleader defendants and all other interested persons in the Disputed Funds; (5) permitting the Trustee to pay its Trustee's fees, attorneys' fees, costs and expenses incurred in connection with the matters leading up to and relating to this action on a periodic basis out of the Disputed Funds, including permitting the Trustee to withdraw such amounts from the Principal Collection Account under the Indenture; (6) releasing and discharging the Trustee from any and all liability to any party and any other interested persons and all those claiming through or acting with them, or claiming any interest, beneficial or legal, through such party or through others in the Disputed Funds and with respect to any consequences of this action under the Indenture, conditioned upon the Trustee's compliance with the future orders and judgment of the Court as described above, and (7) granting the Trustee such other and further relief, at law or in equity, to which it may show itself justly entitled.

Dated: September 20, 2021
    New York, New York

Respectfully submitted,

LOCKE LORD LLP

*/s/ Casey B. Howard*
Casey B. Howard
Andrew Braunstein
200 Vesey Street
New York, New York 10281
choward@lockelord.com
212.812.8342
*Attorneys for Plaintiff Wells Fargo Bank, National Association, as Trustee*