UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, as Trustee,<br><br>Plaintiff,<br><br>v.<br><br>MARGATE FUNDING I, LTD.; MARGATE FUNDING I, CORP.; MACQUARIE INVESTMENT MANAGEMENT ADVISERS (F/K/A DELAWARE INVESTMENT ADVISORS); PACIFIC INVESTMENT MANAGEMENT COMPANY LLC; ANGELO GORDON MANAGEMENT, LLC; BRACEBRIDGE CAPITAL, LLC; SERENGETI ASSET MANAGEMENT, LP; CITIBANK, N.A.; BofA SECURITIES, INC.; CEDE & CO.; AND JOHN DOES 1 THROUGH 100,<br><br>Defendants. | Case No. 1:21-cv-04939<br><br>Hon. Paul A. Crotty<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any Party may designate any document or information, in whole or in part, as confidential ("Confidential Information") if counsel determines in good faith that such designation is necessary to protect the Party's interests in information that is proprietary, a trade secret, or otherwise sensitive non-public information. Information and documents designated by a Party as confidential will be stamped "CONFIDENTIAL." Confidential Information produced in native or tangible format shall include any "CONFIDENTIAL" designation in the file name, on the exterior of the tangible material, and/or on the corresponding slip-sheet placeholder image for the record being produced. Any Confidential Information produced in a non-paper media (e.g., videotape, audiotape, computer disc) may be designated as such by labeling the outside of such non-paper media as "CONFIDENTIAL." The following information shall not be considered Confidential Information under this Order (the "Order"): (a) information in the public domain; (b) information that becomes part of the public domain after its

1

disclosure to a Party as a result of a publication not involving a violation of this Order; (c) information already known to a Party through proper means prior to disclosure; and (d) information that is or becomes available to a Party from a source other than the Party asserting confidentiality that obtained the information lawfully and under no obligation of confidentiality.

2. Counsel for any Party may designate any document or information, in whole or in part, as "Highly Confidential Information" if counsel determines in good faith that extraordinary circumstances exist such that disclosure would create a substantial risk of competitive, financial or business harm that could not be avoided by less restrictive means. Information and documents designated by a Party as "Highly Confidential Information" will be stamped "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY." If any Party objects to a producing Party's designation of a document or information as "Highly Confidential Information," the producing Party and the objecting Party shall meet and confer in good faith within five business days of the assertion of the objection before seeking resolution from the Court. The burden at all times shall be on the producing Party to establish that a "Highly Confidential Information" designation is warranted under the circumstances and would not unduly prejudice the objecting Party. The term "Confidential Information" as used in Paragraphs 3, 5, 8-9, and 12-17 shall mean both Confidential Information and Highly Confidential Information.

3. Counsel for any Party giving deposition testimony may designate such testimony or exhibits thereto as Confidential Information by advising the reporter and all Parties of such designation on the record during the deposition or by letter to the reporter and all Parties within 30 days of receipt of the final transcript of the deposition testimony. Deposition testimony and deposition exhibits shall be treated as if they had been designated as Confidential Information until that 30-day period has expired. The reporter will bind the transcript of any testimony so designated in a separate volume and mark it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," as the case may be.

4. All discovery produced or disclosed in this Action will be held and used by the recipient of such discovery solely for use in connection with this Action. Nothing in this Order restricts a producing Party in using its own information.

5. a. In the event that a Party challenges a designation of Confidential Information, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging Party may seek resolution by the Court.

    b. Nothing in this Order constitutes an admission by any Party that Confidential Information produced or disclosed in this Action is relevant or admissible. Each party reserves the right to object to the use or admissibility of Confidential Information.

2

6. All documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a. the Parties, including in-house counsel, and on a confidential, need-to-know basis only, each Party's officers, directors, employees, and other persons affiliated with the Party necessary to assist in the Action, and any funds or other investment vehicles that are managed or advised by a Party and are holders of the senior or junior notes relevant to this Action;

   b. counsel retained specifically for this Action, including any paralegal, clerical, and other individuals employed by such counsel;

   c. employees of such counsel and outside vendors or service providers assigned to and necessary to assist in the Action;

   d. consultants or experts assisting in the prosecution or defense of the Action, to the extent deemed necessary by counsel;

   e. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

   f. any witness called to testify at trial or deposition or any person whom counsel for a Party in good faith believes may be called to testify at trial or deposition in this Action;

   g. government or regulatory authorities if required by the regulating body;

   h. the Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court), any appellate court, and the support personnel for the same; and

   i. any other person as agreed to in writing by the designating Party.

7. All documents and information designated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall not be disclosed to any person, except: (i) those persons identified in Paragraphs 6(b) through 6(i); and (ii) in-house counsel for the Parties.

8. Prior to disclosing or displaying the Confidential Information as permitted by this Order, to any person other than the Parties, their counsel, government or regulatory authorities, or the Court, counsel must:

   a. inform the person of the confidential nature of the information or documents;

3

     b.    inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this Action and has enjoined the disclosure of information or documents to any other person; and

     c.    require each such person to sign an agreement to be bound by this Order in the form attached hereto.

9. The production or disclosure of a document or information without designating it as Confidential Information shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth, unless and until successfully challenged, be treated as Confidential Information subject to all the terms of this Order.

10. While a producing Party may redact Personally Identifying Information ("PII"), redacting certain PII may be unduly burdensome, and thus it may choose to not redact PII in all documents produced. Any PII (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) produced or disclosed in discovery shall be maintained by the recipient in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing Party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the recipient of PII experiences a data breach, it shall immediately notify the producing Party of same and cooperate with the producing Party to address and remedy the breach. Nothing herein shall preclude the producing Party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the recipient's failure to appropriately protect PII from unauthorized disclosure.

11. The production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or other protected information (collectively, "Privileged Information"), whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

    Further:

     a.    If a receiving Party discovers that it is in receipt of a document or ESI that it reasonably believes might contain Privileged Information, it shall promptly notify the producing Party and identify the material in question.

4

b. Upon discovery by a producing Party (whether by notice from the receiving Party or otherwise, and including discovery during a deposition) that it did produce or may have produced Privileged Information, the producing Party shall promptly request the return of such Privileged Information by sending a written notification ("Clawback Letter") to the receiving Party. The Clawback Letter shall (i) identify the documents or ESI in question by Bates number or otherwise; (ii) identify the asserted privilege or protection; and (iii) as applicable, identify or provide a privilege log entry for each identified document. The producing Party shall preserve any documents identified in a Clawback Letter for the duration of this litigation. For purposes of this Order, "discovery" shall mean "actual notice;" production of Privileged Information alone is insufficient to constitute actual notice.

c. Upon receipt of a Clawback Letter, the receiving Party shall promptly destroy or delete all documents or ESI identified in the letter, and all reproductions or summaries thereof regardless of whether the receiving Party plans to challenge the claim of privilege. The receiving Party shall follow these procedures regardless of whether a document is comprised fully or partially of Privileged Information. The producing Party shall, within 20 business days of the date of the Clawback Letter, reproduce any document or ESI that is comprised only partially of Privileged Information with the Privileged Information redacted.

d. If a receiving Party disagrees with a claim of privilege set forth in a Clawback Letter, it shall notify the producing Party and provide the basis for disputing the privilege claim in writing. Thereafter, the Parties shall meet and confer in a good faith attempt to resolve the dispute.

e. In the event that the Parties do not resolve their dispute, any Party may bring a motion for a determination of whether a privilege applies. If such a motion is made, the producing Party shall, in accordance with Rule No. 7 of the Court's Individual Practices governing "Electronic Filing Under Seal," file on the Court's Electronic Case Filing System only a sealed or redacted copy of the Privileged Information. This submission to the Court shall not constitute a waiver of any privilege or protection. Any motion to determine whether a privilege applies shall be filed no later than 15 days after the Parties' meet-and-confer efforts have reached impasse. The motion shall not assert as a ground for entering such an order the fact or circumstances of the production.

f. The obligations of the Parties set forth in this Paragraph 11 apply irrespective of the care taken by the producing Party to prevent disclosure.

g. Except as expressly set forth herein, nothing in this Paragraph 11, or elsewhere in this Order, shall limit the bases on which a receiving Party may challenge the assertion of any Privileged Information.

h. The receiving Party shall not use or disclose a document or information for which a claim of privilege or immunity is made pursuant to this Paragraph 11 for any purpose until the matter is resolved by agreement of the Parties or by the Court.

12. In filing Confidential Information with the Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Information ("Confidential Court Submission"), the Parties shall, in accordance with the Rule No. 7 of the Court's Individual Practices, file only a sealed or redacted copy of the Confidential Court Submission on the Court's Electronic Case Filing System and move the Court for approval of the sealed or redacted filing.

13. Notwithstanding the designation of documents or information as Confidential Information in discovery, there is no presumption, except as otherwise provided in this Order, that such Confidential Information shall be filed with the Court under seal. The Parties shall follow the Court's procedures with respect to filing under seal.

14. Upon final settlement or other conclusion of this litigation, including any appeal, each Party and person subject to this Order must undertake reasonable steps within 90 days to either return all original Confidential Information to the originating source or certify such information as destroyed, except that the Parties' counsel shall be permitted to retain their working files (including without limitation their privileged communications and attorney work product) on the condition that those files remain protected in accordance with this Order. A receiving Party's obligation to return or destroy Confidential Information received from another Party extends to Confidential Information the receiving Party disclosed to other recipients pursuant to this Order.

15. Nothing herein shall preclude the Parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena or other compulsory process or, if required to produce by law or by any government agency having jurisdiction; provided, however, that such person receiving a request will, to the extent permitted by the applicable order or agency, provide written notice to the producing Party before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing Party will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing Party deems it appropriate to do so.

16. Any non-party or a non-party's counsel may designate documents or information disclosed or produced by the non-party in this Action as Confidential Information and such disclosure or production shall be subject to and governed by the terms of this Order as if the Confidential Information had been produced by a Party.

17. This Order will survive termination of the Action and will continue to be binding upon all persons subject to this Order to whom Confidential Information is produced or disclosed. The Parties agree that this Court has and retains jurisdiction during and after this Action is terminated for the purpose of enforcing this Order.

18. The Parties agree to be bound by the terms of this Stipulation pending the entry by the Court of this Stipulation, and any violation of its terms shall be subject to the same penalties and sanctions, as if this Stipulation had been entered by the Court.

SO STIPULATED AND AGREED.

/s/ Andrew Braunstein (with consent)
Casey B. Howard
Andrew Braunstein
Locke Lord LLP
Brookfield Place
200 Vesey Street, 20th Floor
New York, New York 10281
*Counsel for Wells Fargo Bank, N.A., as Trustee*

Dated: 3/30/2022

/s/ Joseph T. Kelleher (with consent)
Adam J. Petitt
Joseph T. Kelleher (to be admitted *pro hac vice*)
Stradley Ronon Stevens & Young, LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103
*Counsel for Defendant Macquarie Investment Management Advisers*

Dated: 3/30/2022

/s/ John C. Ertman
John C. Ertman
Julian I. Helisek
Ertman Dulis & Helisek PLLC
112 West 34th Street, 18th Floor
New York, NY 10120
*Counsel for Defendant Pacific Investment Management Company LLC*

Dated: 3/30/2022

/s/ Michael A. Hanin (with consent)
Michael A. Hanin
Kasowitz, Benson, Torres LLP
1633 Broadway
New York, NY 10019
*Counsel for Defendants Angelo Gordon Management, LLC, Bracebridge Capital, LLC, and Serengeti Asset Management, LP*

Dated: 3/30/2022

/s/ Melissa J. Godwin (with consent)
Melissa J. Godwin
DLA Piper LLP
1251 Avenue of the Americas
New York, New York 10020
*Counsel for Defendants Margate Funding I, Ltd. and Margate Funding I, Corp.*

Dated: 3/30/2022

/s/ Richard St. John (with consent)
Richard St. John
Brandon R. Teachout
Munger, Tolles & Olson LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
*Counsel for Defendant BofA Securities, Inc.*

Dated: 3/30/2022

NY NY
April 6, 2022

So ordered
Paul A Crotty
USDJ

8

　/s/ Aimee Taub Bandler (with consent)
Aimee Taub Bandler
The Depository Trust & Clearing Corporation
55 Water Street
New York, NY 10041
*Counsel for Defendant Cede & Co.*

Dated: 3/30/2022

IT IS SO ORDERED THIS _____ DAY
OF _____, 2022

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　PAUL A. CROTTY, U.S.D.J.

9

## **AGREEMENT**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Wells Fargo Bank, National Association v. Margate Funding I, Ltd. et al.*, Case No. 1:21-cv-04939 (S.D.N.Y.) have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____

Signed in the presence of:

_____
(Attorney)

10