# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, as Trustee,<br><br>Plaintiff,<br><br>v.<br><br>MARGATE FUNDING I, LTD.; MARGATE FUNDING I, CORP.; MACQUARIE INVESTMENT MANAGEMENT ADVISERS (F/K/A DELAWARE INVESTMENT ADVISORS); ANGELO GORDON MANAGEMENT, LLC; BRACEBRIDGE CAPITAL, LLC; SERENGETI ASSET MANAGEMENT, LP; CITIBANK, N.A.; BANK OF AMERICA, N.A.; CEDE & CO., AND JOHN DOES 1 THROUGH 100,<br><br>Defendants. | Case No. 21-cv-4939 |

## ORDER GRANTING WELLS FARGO BANK, N.A.'S
## <u>COMPLAINT IN INTERPLEADER</u>

UPON COMPLAINT IN INTERPLEADER (the "Complaint") filed by Wells Fargo Bank, National Association ("Wells Fargo") as trustee ("the "Trustee") in the above-styled proceeding, the Court, having considered the Complaint and other pleadings on file, hereby GRANTS all relief requested by the Trustee in the Complaint.

THE COURT FINDS THAT:

A. Notice of the relief granted herein was due and proper, and no further notice is necessary under the circumstances.

B. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332 and Rule 22 of the Federal Rules of Civil Procedure.

1

C. Good cause exists to grant the interpleader requested by the Trustee. The Trustee is a Trustee of an Indenture, under the terms of which certain disputed funds (the "Disputed Funds") are, absent the relief set forth herein, required to be paid out on the Quarterly Distribution Date of June 4, 2021 to holders of A1S Notes holders (the "Senior Holders"). Certain holders of A1J and A2 Notes, including Angelo Gordon Management, LLC, Bracebridge Capital, LLC, Serengeti Asset Management, LP, Citibank, N.A., and Bank of America, N.A. (collectively with others, the "Junior Holders"), have demanded, among other things, that the Disputed Funds be held until this dispute is resolved and that they are entitled to some amount of the Disputed Funds. As a result, the Trustee cannot make any distribution of the Disputed Funds without the Court's determination of each party's rights.

D. The Trustee is holding approximately $20,845,308.35 in Disputed Funds pursuant to the Indenture.

E. The Senior Holders and Junior Holders are adverse claimants to the Disputed Funds and each other.

F. The Trustee claims no interest in the Disputed Funds other than what is necessary to cover its Trustee fees, attorneys' fees and costs. The Trustee is an innocent stakeholder and is holding the Disputed Funds in the Principal Collection Account pursuant to the Indenture (the "Principal Collection Account") pending the Court's determination of these issues.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

1. The Trustee shall maintain and preserve the status quo of the Disputed Funds pending this Court's determination of the Trustee's application for the issuance of an interpleader order. The Trustee is hereby released and discharged from any and all liability

2

based upon the Trustee's compliance with this preservation order to any person claiming any interest in the Disputed Funds.

2.   The Trustee shall hereby give notice of the interpleader action as follows: The summons for the unidentified John Does 1-100 shall be published together with the notice to the unnamed defendants (the "Service Notice"), with the following statement:

> ***Wells Fargo Bank, National Association, as Trustee v. Margate Funding I, Ltd.*** **Case No. _____ (S.D.N.Y.)**
>
> NOTICE to all beneficial holders of Notes issued by Margate Funding I, Ltd. under a December 20, 2004 Indenture, among Margate Funding I, Ltd., as Issuer (the "Issuer"), Margate Funding I, Corp., as Co-Issuer (the "Co-Issuer, and together with the Issuer, the "Co-Issuers"), and Wells Fargo Bank, N.A. as trustee (the "Indenture"), pursuant to which certain Notes (held by Cede & Co., as registered Holder, for certain John Does as beneficial owners) are outstanding and unpaid: You have been named as a party in a Complaint in interpleader filed by Wells Fargo Bank, N.A. as trustee under the Indenture. Through its interpleader, Wells Fargo Bank, N.A. as Trustee seeks a determination as to which, if any, of Angelo Gordon Management, LLC, Bracebridge Capital, LLC, Serengeti Asset Management, LP, Citibank, N.A., Bank of America, N.A., Cede & Co., and John Does 1-100 (i.e., the beneficial owners of certain of the Notes) is entitled to the funds at issue. The total amount at issue is approximately $20,845,308.35, which will be held by the Trustee pursuant to a court order if the interpleader is granted. Should you wish to participate in this action, you must file a notice of appearance in this action by _____ ___, 2022. Should you fail to timely respond to the interpleader, you may forfeit any claim you have to any of the funds at issue. All persons who file a notice of appearance are required to attend the next pre-trial conference in this matter, either in person or through an attorney, currently scheduled for _____ ___, 2022 at _____ a.m./p.m. at the United States District Court for the Southern District of New York, 500 Pearl Street 10007, at Courtroom ____. At this conference, the Court may consider entering an order concerning the propriety of maintaining this action as an interpleader and potentially other issues relating to the maintenance of the interpleader, as well as an order setting certain procedural dates in the action.

The summons and Service Notice will be published in a newspaper which has general circulation in this district or a circulation reasonably calculated to give public notice of a legal publication

on three successive business days as soon as the Trustee may arrange after the issuance of this Order. The Trustee is authorized to pay for such publication from the Disputed Funds without further order of this Court. Further the Trustee shall post the Service Notice to the Margate Funding I website maintained by the Trustee.

3. Any person wishing to appear in the interpleader action may do so by filing a notice of appearance in advance of the next pre-trial conference scheduled for April 26, 2022 at 11:45 a.m. All persons that file such a notice of appearance must attend the April 26, 2022 pre-trial conference either in person or through an attorney.

4. The Trustee is entitled to recover its Trustee's fees, costs, expenses and reasonable attorneys' fees incurred in connection with administration of the trust and the Complaint. Thereafter, the Trustee may provide notice on a quarterly basis on the 4th day of each March, June, September, and December, beginning in June 2022 (a "Fee Notice") that it is requesting the payment of such trustee's fees, costs, expenses and reasonable attorneys' fees incurred in connection with the filing of the Complaint. At the same time that the Trustee provides the Fee Notice, the Trustee shall provide substantiation of the amounts requested in the Fee Notice to all parties appearing in this action. A Fee Notice shall be served on counsel for any party which has made an appearance in this case. Any objection to the fees or expenses requested shall be submitted to the Trustee not later than the twentieth calendar day after the Fee Notice was served. If no objection is filed, then the Trustee shall file a notice indicating no objection was received. The Trustee is then authorized to withdraw the amount requested from the Disputed Funds held in the Principal Collection Account, held there pursuant to the order of this Court. If an objection is timely provided, the Trustee and the objecting party(ies) may attempt to resolve the objection and, if resolved, to allow for the Trustee to collect the previously disputed

portion of any fee or expense. If an objection cannot be resolved, either the Trustee or the objecting party(ies) may request a hearing before this Court. The pendency of an objection to an amount listed in such Fee Notice does not prohibit the payment of the undisputed portion of any fee or expense listed in such Fee Notice nor the payment of future fees and expenses set forth in a subsequent Fee Notice.[1]

5. All parties and all other individuals or entities claiming a right to the Disputed Funds must appear and assert their respective claims to the Disputed Funds, if any, and their respective rights, if any, as a consequence of this action under the Indenture.

6. All parties and all other interested persons are enjoined from instituting or pursuing any proceedings in any court, federal or state, against the Trustee for the recovery of the Disputed Funds, on account of any party's purported claims or rights to such Disputed Funds, and/or on account of any party's purported rights arising as a consequence of this action under the Indenture.

7. The Trustee is released and discharged from any and all liability to any party and any other interested persons and all those claiming through or acting with them, or claiming any interest, beneficial or legal, through such party or through others in the Disputed Funds and with respect to any consequences of this action under the Indenture, conditioned upon the Trustee's compliance with the future orders and judgment of the Court as described above.

---

[1] Undefined capitalized terms used herein shall be defined as set forth in the Indenture.

Dated: _____April 11\_\_\_, 2022
       New York, New York

                                                         *[signature]*
                                      United States District Judge