

ERTMAN
DULIS &
HELISEK PLLC

112 W. 34th St.
18th Floor
New York, NY 10120

John C. Ertman
(917) 846-3603 DIRECT
(917) 793-9033 FAX
john.ertman@ertmanlaw.com

June 6, 2022

**VIA ECF**

Honorable Paul A. Crotty
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re: *Wells Fargo Bank, N.A. v. Margate Funding I, Ltd. et al.*, 21 Civ. 04939 (S.D.N.Y.) (the "Action")

Dear Judge Crotty:

As counsel for Interpleader Defendant Pacific Investment Management Company LLC ("PIMCO") in the above-referenced Action, we write on behalf of all seven of the parties actively participating in the above-referenced Action.[1] As described in more detail below, in anticipation of the status conference scheduled before the Court for June 8, 2022, the parties are writing to respectfully ask the Court for a stay of discovery for 30 days for the parties to be able to devote their efforts to see if they can reach a resolution of the Action.

Under the Case Management Plan and Scheduling Order (the "Scheduling Order") in this Action, the fact discovery cut-off is June 23, 2022. The parties have, among other things, exchanged documents and initial interrogatory responses, and have noticed two different Rule 30(b)(6) depositions and three different employee witness depositions for this month of June. In addition, eight sets of contention and other interrogatories and requests for admission have been served amongst the parties for which answers are due later this month. The parties anticipate that the

---

[1] Those parties are the Trustee (Interpleader Plaintiff Wells Fargo Bank, National Association), the Collateral Manager (Interpleader Defendant Macquarie Investment Management Advisers (f/k/a Delaware Investment Advisors)), the Senior Noteholder PIMCO, and four Junior Noteholders (Interpleader Defendants Angelo Gordon Management, LLC, Bracebridge Capital, LLC, Serengeti Asset Management, LP, and BofA Securities, Inc.) of the Margate CDO at issue in the Action. The Margate CDO Co-Issuers (Interpleader Defendants Margate Funding I, Ltd. and Margate Funding I, Corp.) and DTCC Corporation (Interpleader Defendant Cede & Co.) are also parties that have appeared in the Action but to date have not had reason to be active participants – this letter has been shown to counsel for those entities and they have no objection to the requests made of the Court herein.

collective amount of attorney time that would be expended in the coming weeks to complete fact discovery is significant relative to the amount in controversy.

To this end, counsel for the parties met and conferred on June 2, 2022 and reached a consensus that it would be more efficient for the parties to devote their resources in the next 30 days towards working to see if a resolution of this Action can be reached without the need to continue formal discovery. Given the number of parties and issues involved, the parties believe that 30 days is a reasonable length of time for this purpose. The parties have in fact agreed to a have their first face-to-face settlement meeting the week of June 13, 2022, and believe they will need the time between now and then to get ready for these talks.

Accordingly, the parties respectfully request the following:

(1) All discovery (including the fact discovery cut-off and other existing discovery deadlines) in the Action be stayed for 30 days until and including Friday, July 8, 2022 (30 days from the date of the upcoming status conference in the Action); and

(2) If by the conclusion of the 30-day period the parties are not able to resolve the Action, the parties shall then submit to the Court on Monday, July 11, 2022, a revised scheduling order for the remainder of the Action going forward.[2]

A status conference in this Action is currently scheduled with the Court for Wednesday, June 8, 2022, at 12:30 p.m., though the Court has indicated that if the parties do not believe a scheduling conference is necessary they may request an adjournment. If the above request for a 30-day stay is granted, the parties do not believe the status conference would be necessary. If the Court is not inclined to grant the 30-day stay, the parties would respectfully request that the June 8 status

6/7/2022
The June 8 conference is adjourned and this action is stayed for 30 days. A status report is due by July 11, 2022. SO ORDERED.

*Paul A. Crotty*

---

[2] Alternatively, if the Court were not inclined to grant a 30-day stay, the parties would respectfully request an extension of the current deadline for the completion of fact discovery from the original date of Thursday, June 23, 2022, to Friday, July 15, 2022, to accommodate the scheduling of Rule 30(b)(6) depositions, the depositions of other fact witnesses, and several counsel's travel obligations, including international travel. Under this alternative request, the parties would further request that they propose a schedule to the Court for expert discovery upon the completion of fact discovery, when the parties believe they will be in a better position to know realistically how much time would be needed.