UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
:
WELLS FARGO BANK, NATIONAL :
ASSOCIATION, as Trustee, : **ORDER SCHEDULING ORAL**
: **ARGUMENT**
Plaintiff, :
: 21 Civ. 4939 (AKH)
-against- :
:
MARGATE FUNDING I, LTD. ET AL, :
:
Defendants. :
:
------------------------------------------------------------ X

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Wells Fargo Bank, National Association ("Wells Fargo"), the Trustee of Margate Funding I, Ltd. ("Margate"), a special purpose entity designed to hold residential mortgages, filed an interpleader complaint in June 2021, seeking adjudication of the respective rights of the interpleader defendants to disputed trust funds amounting to $20,845,308.25. *See* ECF No. 20. Wells Fargo holds these funds in escrow pursuant to the Order of Hon. Paul Crotty, ECF No. 76, discharging Wells Fargo from the lawsuit and ordering it to hold the funds subject to further order of the Court. The Court has jurisdiction. *See* 28 U.S.C. § 1332; Fed. R. Civ. P. 22; *see also* ECF No. 76.

      Senior and Junior Noteholders of Notes issued by Margate contest how the escrowed funds should be distributed, and have filed motions for summary judgment. The Collateral Manager, Macquarie Investment Manager Advisers ("Macquarie"), has filed a motion for judgment on the pleadings to dismiss it from the action. The three motions are pending, and will be argued January 14, 2025, at 11:15 am to 4:00 p.m., and day to day thereafter.

1

From studying the voluminous papers and exhibits, and for the guidance of counsel, I have these preliminary views:

Since Macquarie makes no claim to the escrowed funds, and since no party makes claim against Macquarie, its motion should be granted, and it should be dismissed as a party (but not as a witness) from the lawsuit.

The relevant facts are mostly undisputed. The facts in dispute are whether the Collateral Manager acted according to the Trust Indenture in causing certain mortgage pools to be sold, whether it acted commercially reasonably in carrying out the sales, and whether any errors on its part gave an unjust benefit to the Senior Noteholders. Since the governing Indenture waives trial by jury, Indenture, § 14.12, ECF No. 128, I will hear evidence on the issues as convenient, and to the extent that conflicts in the parties' submissions can be clarified by testimony. The motions for summary judgment, pursuant to Rule 56, will thus be treated also as motions pursuant to Fed. R. Civ. P. 52.

SO ORDERED.

Dated:  January 6, 2025
New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge